Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

# United States District Court
## District of Alaska

| | |
|---|---|
| United States of America,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Jessica Spayd,<br><br>　　　Defendant. | Case No. 3:19-cr-0111-JMK-MMS<br><br>Motion For Sanctions For Professional Misconduct |

　　Jessica Spayd, accused, hereby moves this court to impose sanctions upon the government for their unethical conduct, specifically, *ex parte* contact with defense experts.

　　Facts

*United States v. Jessica Spayd*
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 1 of 7

Case 3:19-cr-00111-JMK-MMS   Document 201   Filed 09/10/22   Page 1 of 7

Ms. Spayd was an Advanced Nurse Practitioner licensed by the State of Alaska to practice medicine in accord with her license. She had a D.E.A. license to dispense narcotics. Ms. Spayd does not anticipate that the government will contest either of these facts at trial.

This court ordered the parties to provide notice of expert by September 1, 2022, to avoid any trial interruptions. Ms. Spayd filed her notice of reciprocal discovery on September 1, 2022. [Docket 177]. On September 2, 2022, counsel for Ms. Spayd learned that the counsel for the government and a federal law enforcement agent had contacted defense experts *ex parte*.

On that date, counsel for Ms. Spayd contacted Bar Counsel for the Alaska Bar. In that discussion, Bar Counsel noted that when the Alaska Bar updated its rules of professional conduct, it removed some older ethics opinion that were now outdated. However, the ethical opinion that prohibited *ex parte* contact with experts had not been removed or withdrawn so it was still a valid ethics opinion.

Counsel for Ms. Spayd then contacted counsel for the government to advise of the ethics opinion and that Bar Counsel for the State of Alaska believed that the opinion was valid and applicable. Counsel for Ms. Spayd demanded that officials from the government cease and desist from contacting her experts *ex parte*. Counsel for Ms. Spayd made clear that if the government wished to interview an expert, government attorneys could contact him to make arrangements for an interview.

*United States v. Jessica Spayd*
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 2 of 7

Case 3:19-cr-00111-JMK-MMS Document 201 Filed 09/10/22 Page 2 of 7

The government did not respond to the email directly. The only indication that the government received the email was a page-long footnote in its motion to exclude experts. In that footnote, the government's response was, essentially, "This ethics opinion only applies to civil proceedings and we have always done this so this is just fine."

On Friday, September 9, 2022, counsel learned that despite his email of September 2, 2022, an attorney for the government and a federal agent had contacted another expert *ex parte* and they were scheduled to interview this witness's *ex parte* on Monday, September 12, 2022. Contemporaneous with this motion, counsel for Ms. Spayd is advising the government that he is not available on Monday to be present for such an interview so there will be no interview with the expert on Monday, September 12. Counsel for Ms. Spayd is available for such an interview after September 19, 2022, and if the expert is willing to talk with the government, the interview can be scheduled at that time.

LAW

28 U.S.C. §530B(a) requires that "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state."

Alaska Bar Opinion 85-2 is directly on point to this case. Alaska law prohibits *ex parte* communication with the retained experts of opposing counsel. On Friday, September

*United States v. Jessica Spayd*
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 3 of 7

2, 2022, counsel for Ms. Spayd conferred with Bar Counsel for the Alaska Bar and confirmed that this bar opinion is still effective and applicable in Alaska.

The American Bar Association has affirmed that this rule depends upon jurisdictions. Recognizing that not all jurisdictions follow this rule, the ABA determined that *ex parte* contact with a retained witness violates ethical rules in jurisdictions that do prohibit such contact.[1]

The government argues that the Alaska opinion only applies to civil cases.[2] This is incorrect. While the circumstances that formed the basis of the ethics opinion arose in civil litigation, the decision applies to all attorneys. The Alaska opinion ends as follows: "*Ex parte* contacts should not be made with expert witnesses retained by an opposing counsel or party. Discovery from expert witnesses to whom Alaska Civil Rule 26(b)(4) applies shall only be done in a manner agreed upon in advance with opposing counsel or in the manner set forth in Alaska Civil Rule 26(b)(4)."[3]

There are, then, two aspects to this opinion. One aspect generally prohibits *ex parte* contact with witnesses retained by an opposing counsel. Another aspect addresses expert witnesses covered by Alaska Civil Rule 26(b)(4). A witness in a civil case might not be covered by rule 26(b)(4).

---

[1] ABA Formal Opinion 93-378, Nov. 8, 1993. Available at: https://www.americanbar.org/products/ecd/chapter/219942/
[2] Docket 183, fn. 4.
[3] Alaska Bar Opinion 85-2, available at https://alaskabar.org/wp-content/uploads/85-2.pdf, attached as an Exhibit.

United States v. Jessica Spayd
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 4 of 7

Furthermore, Alaska Rule of Criminal Procedure specifically adopts the Alaska Rules of Civil Procedure regarding attorney conduct. Ak.R.Cr.Pr. 50(b) specifically states that "[a]ll other provisions of the Rules of Civil Procedure relating to attorneys, regarding examining witnesses, counsel as witness, non-resident attorneys, and disbarment and discipline, shall apply to practice in criminal actions in the courts of the state."

Applying this rule to this case requires several steps but it does get there as follows: Ethics Opinion 85-2 prohibits *ex parte* contact with retained witnesses. Even if Ethics Opinion 85-2 appears to only apply to civil actions, Rule 50(b) of Alaska's Rule of Criminal Procedure makes clear that the ethical rules that apply to attorneys in civil cases also apply in criminal cases. The U.S. District Court, District of Alaska, requires under its Local Rules that attorneys practicing before it must comply with the Standards of Professional Conduct required of the members of the State Bar of Alaska.[4] While that rule may be a civil rule, the Criminal Local Rules for this court apply the Local Civil Rules to criminal cases like the Alaska Rules of Criminal Procedure apply the civil rules to attorney behavior.[5] Thus Alaska Bar Ethics Opinion 85-2 applies to criminal actions even in U.S. District Court for the District of Alaska.

Ms. Spayd wishes to make clear that she does not object to arranging an interview of her experts. In the email of September 2, 2022, Ms. Spayd's counsel explicitly told counsel for the government that he would arrange an interview when he could be present. Thus

---

[4] U.S. District Court, District of Alaska, Civil Local Rule 83.1(i)(1).
[5] U.S. District Court, District of Alaska, Criminal Local Rule 1.1(b).

United States v. Jessica Spayd
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 5 of 7

far, the government has declined to accept Ms. Spayd's offer. In fact, the government has, by scheduling an *ex parte* interview on Monday, September 12, 2022, without any notice to counsel, continued in its unprofessional and unethical behavior despite counsel for Ms. Spayd's request to be present at any future expert interviews.

Remedy

So what is an appropriate remedy? The Alaska Ethics opinion, citing Ninth Circuit caselaw, strongly suggests that disqualification of counsel is the appropriate remedy because of the potential of obtaining confidential information and because of the appearance of impropriety.

At this point, counsel for Ms. Spayd has not received any information from the government about its contacts with her experts. Ms. Spayd has no information from the government about what was discussed. Unless there is a tape recording of the interview, Ms. Spayd has no way of verifying any written notes about a conversation. Further, words on paper can have a far different meaning than words spoken.[6]

There is no real way to put Ms. Spayd in the position she was before these interviews except by disqualifying current counsel for the government. While this may seem extreme, the government continued to engage in *ex parte* contact with experts even after having

---

[6] This point is aptly demonstrated in *My Cousin Vinny*, when Stan says, "I shot the clerk?!?" The words on paper are a devastating confession. The spoken words are confusion and mis-understanding. Available at: https://www.youtube.com/watch?v=tCoRww3Px-g

been directed to the Alaska ethics opinion that prohibits such conduct. Their contemptuous actions towards Alaska's Rules of Professional Conduct should not go unpunished and it is those very rules that support disqualification of counsel.

DATED this 10th day of September, 2022, at Anchorage, Alaska.

Steven M. Wells, PC
Attorneys for Defendant

By:   /s/ Steven M. Wells
Steven M. Wells
ABA #0010066

CERTIFICATE OF SERVICE

The undersigned hereby certifies
that a true and correct copy of the
foregoing was served **electronically**
this 10th day of September, 2022, on:

All Parties of Record

/s/ Steven M. Wells  .
Steven M. Wells, PC

*United States v. Jessica Spayd*
Case No. 3:19-cr-0111-JMK-MMS
Motion For Sanctions for Professional Misconduct
Page 7 of 7

Case 3:19-cr-00111-JMK-MMS   Document 201   Filed 09/10/22   Page 7 of 7