IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JESSICA JOYCE SPAYD,<br><br>                 Defendant. | Case No. 3:19-cr-00111-JMK<br><br>**ORDER RE<br>MOTION IN LIMINE** |

Before the Court at Docket 183 is the *United States' Motion in Limine to Exclude the Defendant's Proffered Expert Witnesses Under Daubert and Rule 16* (the "Motion"). Defendant Jessica Spayd did not file a response.

The Government requests that this Court exclude the testimony of Ms. Spayd's proposed expert witnesses, Dr. Todd H. Broad, Dr. James W. Fulcher, Dr. Lawrence W. Masten, and Ms. Karen Rawlins, A.N.P., alleging that the disclosures provided by Ms. Spayd "fail to meet the threshold of expert testimony set forth in Federal Rules of Evidence 702–704 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589, 597 (1993), and fail to satisfy the notice requirements of Rule 16."[1] In the alternative, the Government requests that the Court:

---

[1] Docket 183 at 1.

> (1) order the defense to amend their expert disclosures to conform with the requirements of Rule 16 and *Daubert*, and (2) hold a *Daubert* hearing prior to the start of trial [] and outside the presence of the jury to allow the government to question the defense experts and the court to weigh their opinions, bases, methodology, and reasoning to determine what testimony, if any, is admissible.[2]

The Government argues that Ms. Spayd's proffered expert testimony is not relevant because it is not based on any facts relevant to this case, is not reliable because it is not based on a discernable methodology, has little probative value, and is misleading.[3] Further, it argues that Dr. Broad and Ms. Rawlins are not qualified to render opinions on the issues in this case.[4]

On April 20, 2022, Magistrate Judge Scoble ordered Ms. Spayd to disclose to the Government: "1) written summaries of any expert testimony the defendant intends to use at trial; 2) the bases and reasons for those opinions; and 3) the curricula vitae of any expert witness" by September 1, 2022.[5] Judge Scoble's ruling was not based on the plain meaning of Rule 16; rather, it was made pursuant to the District Court's inherent powers to regulate pretrial case management.[6] On September 1, 2022, Ms. Spayd produced a letter to the Government which included a short summary of each of its four proposed witnesses' qualifications and a brief overview of their testimony.

---

[2] *Id.* at 2.
[3] *Id.* at 10–21.
[4] *Id.* at 22–24.
[5] Docket 170 at 1–2.
[6] *Id.* This is because reciprocal disclosure of expert testimony under Rule 16 is conditioned on the defendant first requesting such testimony from the Government. *See* Fed. R. Crim. P. 16(a)(1)(G). Here, Ms. Spayd has not requested discovery of the Government's expert witness testimony and therefore is not strictly bound by the mandate contained in Rule 16(b)(1)(C). *See* Docket 133 at 3.

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK
Order Re Motion in Limine  Page 2
Case 3:19-cr-00111-JMK-MMS   Document 204   Filed 09/12/22   Page 2 of 5

As a preliminary matter, the Court finds that Ms. Spayd has complied with Judge Scoble's Order. The Government notes that Ms. Spayd failed to produce a curriculum vitae ("CV") for Ms. Rawlins.[7] However, Ms. Spayd's counsel specified that he did not have access to her CV.[8] To resolve this issue, the Government may inquire as to Ms. Rawlins' past employment history at the *Daubert* hearing. Accordingly, to the extent the Government's Motion *in Limine* requests that the defense produce an amended expert disclosure report, the Motion is DENIED.

"Rule 702 of the Federal Rules of Evidence tasks a district court judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"[9] In *Daubert*, the Supreme Court "addressed the standard for admitting expert scientific testimony in a federal trial," and found that the "Federal Rules of Evidence impose a gatekeeping duty on the district court, requiring the court to screen the proffered evidence to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[10] The Court GRANTS the Government's Motion to the extent it requests a *Daubert* hearing. The Court orders that all four of Ms. Spayd's experts, including Ms. Rawlins, who is a hybrid witness, to appear for the *Daubert* hearing. In line with its limited gatekeeping role, the Court cautions that its inquiry will be cabined to ensuring the expert's testimony "rests on a reliable foundation and is relevant to the task at

---

[7] Docket 183 at 23.
[8] Docket 192-9 at 3.
[9] *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (quoting *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 597 (1993)).
[10] *United States v. Alatorre*, 222 F.3d 1098, 1100–01 (9th Cir. 2000) (internal citations and quotations omitted).

hand."[11] The Court will not engage in an analysis of the correctness of the experts' conclusions or the weight such testimony should be given.[12] Further, at this time, the Court will not order Ms. Spayd to disclose the materials her experts reviewed or any additional materials underlying their opinions. The information gleaned from the Government's interviews with the defense experts,[13] as well as that elicited during questioning at the *Daubert* hearing, will provide a sufficient record for the Court to determine the admissibility of the Defendant's experts' testimony. Should the Court need additional information to discharge its gatekeeping function after the *Daubert* hearing, it will issue an order to that effect.

## CONCLUSION

For the foregoing reasons, the Government's request for a *Daubert* hearing in the Motion at Docket 183 is **GRANTED**. The hearing will be held on September 14, 2022, at 11:30 a.m. in Courtroom 3. The hearing will be set for two hours. The parties shall file a notice informing the Court whether the experts need to appear telephonically.

The Motion is **DENIED** to the extent the Government requests this Court exclude the testimony of the four named expert witnesses or order Ms. Spayd to amend her expert testimony disclosures. The Court will issue written findings as to the permissible extent of such expert witnesses' testimony at the conclusion of the *Daubert* hearing.

---

[11] *Id.* at 1024.
[12] *Id.*
[13] *See* Docket 202 at 2; Docket 192-10. On September 12, 2022, the Court ruled that the Government's contacts with Defendant's expert witnesses were permissible. The Court directed the Government to continue its practice of providing Defendant with a summary of any conversations between a defense expert and a representative of the Government.

*United States v. Spayd*     Case No. 3:19-cr-00111-JMK
Order Re Motion in Limine     Page 4
Case 3:19-cr-00111-JMK-MMS   Document 204   Filed 09/12/22   Page 4 of 5

IT IS SO ORDERED this 12th day of September, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Spayd* Case No. 3:19-cr-00111-JMK
Order Re Motion in Limine Page 5
Case 3:19-cr-00111-JMK-MMS   Document 204   Filed 09/12/22   Page 5 of 5