IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JESSICA JOYCE SPAYD,<br><br>                    Defendant. | Case No. 3:19-cr-00111-JMK-MMS-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT** |

Pending before the Court at Docket 179 is Defendant Jessica Spayd's *Motion to Dismiss Indictment* ("the Motion"). The United States of America ("the Government") filed an opposition at Docket 181. Ms. Spayd filed a reply at Docket 199. The Court heard oral argument on the Motion on September 12, 2022.[1] For the below reasons, Ms. Spayd's Motion is DENIED.

## I. BACKGROUND

Ms. Spayd was a nurse practitioner licensed to practice medicine in the State of Alaska.[2] Ms. Spayd was indicted on October 17, 2021.[3] On January 20, 2021, the Government filed a First Superseding Indictment (the "Superseding Indictment"), charging

---

[1] Docket 203.
[2] Docket 87 at 2.
[3] Docket 10.

Ms. Spayd with five counts of unlawfully distributing and dispensing a controlled substance resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2, four counts of unlawfully distributing and dispensing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, and one count of maintaining a place for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.[4]

Title 21 of the United States Code, section 841, provides that "[e]xcept as authorized . . . it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance."[5] A prescription is "authorized" if it is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his [or her] professional practice."[6] Further, 21 U.S.C. § 885 states, "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment or other pleading or in any trial . . . ."[7] Section 885 also establishes that "the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit."[8]

On June 27, 2022, the Supreme Court handed down its opinion in *Ruan v. United States*, 142 S. Ct. 2370 (2022) (hereinafter, "*Ruan*"), which interpreted § 841.

---

[4] *See generally* Docket 87.
[5] 21 U.S.C. § 841(a)(1).
[6] 21 C.F.R. § 1306.04(a) (2021); *see also Ruan v. United States*, 142 S. Ct. 2370, 2375 (2022).
[7] 21 U.S.C. § 885(a)(1).
[8] *Id.*

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 2
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 2 of 13

Specifically, the Supreme Court held that § 841's "knowingly or intentionally" *mens rea* applied to the statute's "except as authorized" clause.[9] Accordingly, "in a § 841 prosecution in which a defendant meets his burden of production under § 885, the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner."[10] On September 1, 2022, Ms. Spayd moved to dismiss the Superseding Indictment, arguing that the Supreme Court's holding in *Ruan* rendered the Superseding Indictment fatally defective.[11] Trial in this case currently is set to begin on September 26, 2022.[12] As Ms. Spayd moved to dismiss the Superseding Indictment prior to trial, the Court finds that her motion is timely.[13]

## II. LEGAL STANDARD

A defendant may challenge the sufficiency of an indictment prior to trial for failure to state an offense.[14] It is "axiomatic" that an indictment must set forth each and every element of the offense, including implied, necessary elements, to adequately allege an offense against the United States.[15] "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy."[16] "The test for sufficiency of the indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it

---

[9] *Ruan*, 142 S. Ct. at 2382.
[10] *Id.*
[11] *See generally* Docket 179.
[12] *See* Docket 164.
[13] *See* Fed. R. Crim. P. 12(b)(3).
[14] Fed. R. Crim. P. 12(b)(v).
[15] *See United States v. Davis*, 33 F.4th 1236, 1240 (9th Cir. 2022).
[16] *United States v. Lopez*, 576 F. App'x 680, 681–82 (9th Cir. 2014) (quoting *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)).

*United States v. Spayd* Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment Page 3
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 3 of 13

conforms to minimal constitutional standards.'"[17] When determining whether an indictment states a cognizable offense, courts are "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment."[18]

"[A]n indictment's complete failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal of the indictment."[19] While "minor or technical deficiencies, even where the errors are related to an element of the offense charged . . . are amenable to harmless error review," a "completely missing essential element" renders an indictment constitutionally defective.[20]

### III. DISCUSSION

Ms. Spayd moves to dismiss the Superseding Indictment on the grounds that the Supreme Court's decision in *Ruan* (1) added a new *mens rea* element to § 841 that is missing from the Superseding Indictment, and (2) "substantially modified" the remaining elements of the offense, rendering the legal instructions upon which the Superseding Indictment was based "fundamentally flawed."[21] The Government responds that *Ruan* conformed to the existing Ninth Circuit law and, as such, the Superseding Indictment

---

[17] *Awad*, 551 F.3d at 935.
[18] *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017).
[19] *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (noting that an omission of an essential element is one "of at least two reasons why an indictment may fail to state an offense.").
[20] *Du Bo,* 186 F.3d at 1180 (internal quotations and citations omitted).
[21] Docket 179 at 1–2.

*United States v. Spayd*                                                                       Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment                                        Page 4
Case 3:19-cr-00111-JMK-MMS    Document 208    Filed 09/13/22    Page 4 of 13

alleges all the necessary elements.²² The Government further argues that, under *Ruan*, the Government is not required to allege lack of authorization in an indictment.²³

A. **Whether Lack of Authorization is an Element that Must Be Pled in an Indictment**

Due to the recency of the Supreme Court's ruling in *Ruan*, the Court is largely without the benefit of other courts' interpretations of its implications. Significantly, although it is clear that *Ruan* altered what the Government must *prove* under § 841, it is not clear whether *Ruan* changed what the Government must *plead*. This uncertainty stems from the fact that *Ruan* did not squarely find that § 841's "except as authorized" clause is an element of the offense.²⁴ One of the ways the Government and the concurrence argued that the "except as authorized" clause differs from a traditional element is that "under the [§ 885 of the] Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment."²⁵ The Court held that, "even assuming that lack of authorization is unlike an element" for the purposes of § 885, "it is sufficiently like an element in respect to [scienter requirements] as to warrant similar treatment."²⁶ The Court did not clarify how far this similar treatment extends.²⁷ The few courts that have considered this issue appear to have concluded that

---

²² Docket 181 at 2–6.
²³ *Id.* at 7–8.
²⁴ *Ruan v. United States*, 142 S. Ct. 2370, 2380 (2022).
²⁵ *Id.* at 2379.
²⁶ *Id.* at 2379–80.
²⁷ *See id.* at 2383 (Alito, J., concurring) ("How many other affirmative defenses might warrant similar treatment, the Court does not say. It leaves prosecutors, defense attorneys, and the lower courts in the dark.").

*United States v. Spayd*     Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment     Page 5
Case 3:19-cr-00111-JMK-MMS    Document 208    Filed 09/13/22    Page 5 of 13

*Ruan* does not require the Government to plead that the defendant knowingly or intentionally acted in an unauthorized manner.[28]

However, if a clause is treated as an element for any purpose, it would seem this treatment should extend to the constitutional requirements for an indictment, *i.e.*, "that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend."[29] Further, the Supreme Court acknowledged that the lack of authorization clause plays a "crucial role" in separating a defendant's wrongful conduct from proper conduct.[30] It noted that imposing a "strong scienter requirement" on lack of authorization helps diminish the risk of "punishing acceptable and beneficial conduct that lies close to, but on the permissible side of, the criminal line."[31] Despite the language of § 885, accepting the premise that lack of authorization need not be referenced in an indictment runs the risk that an indictment may describe conduct that is wholly on the permissible side of the criminal line. For the purposes of this Order, this Court assumes that lack of authorization, even if it is something of a "quasi-element," must be pled in the indictment. The Court concludes that the Government has done so here.

---

[28] *See*, *United States v. Spivack, et al.*, No. CV 22-343, 2022 WL 4091669, at *1 n.1 (E.D. Pa. Sept. 6, 2022) ("[T]he *mens rea* language of section 841 requires the United States to **prove** beyond a reasonable doubt—not plead—in its criminal prosecution the defendant knowingly or intentionally acted in an unauthorized manner"); *see also United States v. Siefert, et al.*, No. 2:21-cr-00002-DLB-CJS (E.D. Ky. Feb 24, 2021), Docket 111 at 7, Docket 150 (denying motion to dismiss indictment that included the following language: Defendant "did knowingly and intentionally dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose" Schedule II controlled substances) (emphasis omitted)).

[29] *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

[30] *Ruan*, 142 S. Ct. at 2380.

[31] *Id.* at 2378.

## B. The Indictment Sufficiently Alleges that Defendant Intentionally Acted in an Unauthorized Manner

Ms. Spayd argues that the Superseding Indictment is fatally flawed because it does not allege that Ms. Spayd knowingly or intentionally acted in an unauthorized manner.[32] In essence, Ms. Spayd asserts, without quoting or citing to the Indictment or the Superseding Indictment, that, because *Ruan* effectively added an element to § 841 "and Ms. Spayd was indicted prior to *Ruan*, that *mens rea* was not applied to 'except as authorized' as required by *Ruan*."[33] This argument ignores the plain language of the Superseding Indictment. Simply because a statutory provision was not previously given the title of "element" does not automatically mean that it is missing from an indictment. Rather, to assess the sufficiency of an indictment, the Court must look to the indictment itself.[34]

The Superseding Indictment states that Ms. Spayd, "while acting and *intending to act* outside the usual course of professional practice and without a legitimate medical purpose, wrote and dispensed prescriptions" for controlled substances.[35] The Supreme Court in *Ruan* acknowledged that "a prescription is only authorized when a doctor issues it 'for a legitimate medical purpose . . . acting in the usual course of his [or her]

---

[32] Docket 179 at 4.
[33] Docket 199 at 3.
[34] *See United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002) ("In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment."); *see also United States v. Wang*, No. 5:12-CR-00581-EJD, 2014 WL 794203, at *3 (N.D. Cal. Feb. 26, 2014) (collecting cases and noting "[w]hen the Court is considering a Motion to Dismiss, the sufficiency of the indictment must be determined from the words of the indictment.").
[35] Docket 87 at 2, 5 (emphasis added).

*United States v. Spayd*     Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment     Page 7
Case 3:19-cr-00111-JMK-MMS    Document 208    Filed 09/13/22    Page 7 of 13

professional practice."³⁶ The Superseding Indictment therefore applies the applicable *mens rea* (intending to act) to the definition of lack of authorization. This conforms to the Supreme Court's holding in *Ruan*.³⁷ By mirroring the applicable regulatory language, which defines authorization under § 841(a), and alleging that Ms. Spayd intended to act in a manner contrary to that regulation, the indictment sufficiently alleges a violation of § 841(a) after *Ruan*.³⁸

During oral argument, counsel for Ms. Spayd suggested that the definition of authorization was broader than 21 C.F.R. § 1306.04(a), such that the Superseding Indictment does not adequately allege that Ms. Spayd intentionally acted in an unauthorized manner. This argument finds no support in *Ruan*; the *Ruan* Court specifically recognized that 21 C.F.R. § 1306.04(a) determined the bounds of a prescriber's authorization.³⁹ The fact that the Government chose to include the definition of authorization rather than the word "unauthorized" in the Superseding Indictment does not indicate that the Superseding Indictment is "completely missing an essential element."⁴⁰ Ms. Spayd also relies heavily on *United States v. Qazi*, 975 F.3d 989 (9th Cir. 2020), in which the Ninth Circuit dismissed an indictment for failure to allege an element that was

---

³⁶ *Ruan*, 142 S. Ct. at 2375 (quoting 21 C.F.R. § 1306.04(a) (2021)).
³⁷ *Id.* at 2382; *see also United States v. Agresti*, No. 18-CR-80124-RAR, 2022 WL 2966680, at *2 (S.D. Fla. July 27, 2022) (noting that *Ruan* held that "once 'a defendant produces evidence that he or she was authorized to dispense controlled substances, the government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner'—*i.e.*, not "for a legitimate medical purpose acting in the usual course of his professional practice'—or intended to do so.'") (citation omitted)).
³⁸ *See United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995) ("An indictment that tracks the words of the statute violated is generally sufficient . . . .").
³⁹ *Ruan*, 142 S. Ct. at 2375 (quoting 21 C.F.R. § 1306.04(a) (2021)).
⁴⁰ *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999).

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 8
Case 3:19-cr-00111-JMK-MMS  Document 208  Filed 09/13/22  Page 8 of 13

added by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, *Qazi* is distinguishable because, in that case, there was "no dispute that pro se defendant Omar Qazi's indictment was missing a required element."[41] Here, construing the Superseding Indictment "in accord with common sense and practicality,"[42] the new element that *Ruan* added was included in the Superseding Indictment.[43] The Superseding Indictment is therefore facially valid.[44]

C. **The Supreme Court's Endorsement of a Subjective *Mens Rea* Standard Does Not Invalidate the Indictment**

Ms. Spayd asserts that the Ninth Circuit in *United States v. Feingold*, 454 F.3d 1001 (9th Cir. 2006) (hereinafter "*Feingold*"), conformed to a "conjunctive" *mens rea* standard—*i.e.* that "the government needed to prove that the defendant subjectively knew the prescription was not for a legitimate medical purpose <u>and</u> that it was in the 'usual course of accepted medical practice,'"—whereas "[a]fter *Ruan* . . . a defendant's conformity with other medical care providers standard of care is <u>not</u> any basis for a conviction, *contra*

---

[41] *United States v. Qazi*, 975 F.3d 989, 991 (9th Cir. 2020).
[42] *United States v. Holden*, 806 F.3d 1227, 1233 (9th Cir. 2015) (quoting *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995)).
[43] *See*, *United States v. Yates*, No. 1:21-cr-00116-DCN, 2021 WL 4942030, at *7 (D. Idaho Oct. 22, 2021) (denying Defendant's motion to dismiss the indictment when the indictment "clearly lays out the required elements" after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019)).
[44] Ms. Spayd also argues that the fact that the Government amended their proposed jury instructions after *Ruan* was an implicit acknowledgment that *Ruan* changed the law in the Ninth Circuit and, consequently, that the Superseding Indictment could not have adequately alleged a § 841 violation. *See* Docket 179 at 4. The Government responded that it updated its proposed jury "to clarify that the phrase 'acted with intent,' as used in the first version of its proposed jury instructions, meant "knowingly or intentionally," as broken out in *Ruan*." Docket 181 at 5 n.1. The Court is not persuaded that this change substantively implicates the validity of the Superseding Indictment.

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 9
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 9 of 13

*Feingold,* but is instead solely on the defendant's mindset."[45] Ms. Spayd therefore argues that "*Ruan*'s elimination of an objective or reasonable standard" merits dismissal of the Superseding Indictment.[46] Ms. Spayd does not clarify how this purported change in the law would affect the sufficiency of the Superseding Indictment itself.[47] In other words, because the Court is "bound by the four corners of the indictment" on a pretrial motion to dismiss an indictment for failure to state an offense,[48] a change in law must render an indictment invalid on its face to merit dismissal. Here, the language of the Superseding Indictment embraces the *Ruan* Court's holding and does not reference the "objectively reasonable good-faith effort" or "objective honest-effort" standard that the *Ruan* Court rejected.[49] Ms. Spayd's arguments on this point cannot overcome a facially valid indictment and are more relevant to jury instructions than they are to challenging the sufficiency of the Superseding Indictment.

Finally, neither party offers an avenue through which the Court could look behind the words of the Superseding Indictment. Ms. Spayd did not move to unseal the grand jury instructions under Federal Rule of Criminal Procedure Rule 6(e)(3)(E)(ii). Even if she had, it is doubtful she would be able to make the required "strong showing of particularized need" to access grand jury materials.[50] Contrary to Ms. Spayd's assertions,

---

[45] Docket 179 at 7–8.
[46] *Id.* at 8.
[47] *See United States v. Hickey,* 367 F.3d 888, 894 (9th Cir. 2004), *opinion amended on denial of reh'g,* 400 F.3d 658 (9th Cir. 2005) ("[D]istrict courts generally may not look behind an indictment before trial.").
[48] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).
[49] *See Ruan v. United States,* 142 S. Ct. 2370, 2381 (2022).
[50] *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983).

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 10
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 10 of 13

*Ruan* did not eliminate any hint of an objective *mens rea* standard.[51] Rather, the *Ruan* Court noted that "[t]he Government, of course, can prove knowledge of a lack of authorization through circumstantial evidence . . . [a]nd the regulation defining the scope of a doctor's prescribing authority does so by reference to objective criteria such as 'legitimate medical purpose' and 'usual course' of 'professional practice.'"[52] While not wholly aligned,[53] Ninth Circuit law prior to *Ruan* was not incompatible with this standard. In *Feingold*, the district court instructed the jury that "a practitioner 'may not be convicted of unlawful distribution of controlled substances when he distributes controlled substances *in good faith* to patients in the regular course of professional practice.'"[54] The Ninth Circuit did not endorse this good faith standard, noting that "the instructions would have been clearer if they had stated that 'the government must prove beyond a reasonable doubt that the defendant *intentionally* prescribed or distributed the controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice.'"[55] The Ninth Circuit also noted that a jury considering an § 841 violation must make a finding about the prescriber's state of mind[56] and it is proper "for the jury to consider the practitioner's behavior against the benchmark of acceptable and accepted medical

---

[51] See *Ruan*, 142 S. Ct. at 2382.
[52] *Id.*
[53] As the Court indicated at oral argument, the Supreme Court in *Ruan* notably did not cite *Feingold* or otherwise indicate that it was adopting the existing Ninth Circuit approach. See generally *Ruan,* 142 S. Ct. 2370 (2022).
[54] *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).
[55] *Id.* at 1008–09.
[56] *Id.* at 1008 ("[T]he jury must look into a practitioner's mind to determine whether he prescribed the pills for what he thought was a medical purpose or whether he was passing out the pills to anyone who asked for them.") (quoting *United States v. Rosenberg*, 515 F.2d 190 (9th Cir. 1975)).

*United States v. Spayd*     Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment     Page 11
Case 3:19-cr-00111-JMK-MMS    Document 208    Filed 09/13/22    Page 11 of 13

practice."[57] Accordingly, before *Ruan*, any legal instruction underlying the Superseding Indictment that stated that the *mens rea* associated with lack of authorization under § 841 could *not* be measured by the prescriber's subjective belief would have been incorrect under existing Ninth Circuit law. Furthermore, any instruction stating that § 841's *mens rea* requirement could *only* be measured by the prescriber's subjective belief, without objective criteria, runs afoul of both *Feingold* and *Ruan*. Accordingly, any indication of erroneous grand jury instructions based on pre-*Ruan* Ninth Circuit law "is supported only by speculation"[58] and "mere unsubstantiated, speculative assertions of improprieties in the [grand jury] proceedings do not supply the requisite particular need" to unveil grand jury materials.[59] In sum, (1) the Superseding Indictment is sufficient on its face, (2) the Court has no means by which to look behind the Superseding Indictment, and (3) the substantive consistency between *Feingold* and *Ruan* indicates that any suspicion of improper grand jury instructions are based on speculation only.

## IV. CONCLUSION

The Court finds that the Superseding Indictment sufficiently alleges all elements of a § 841 violation after *Ruan*. As such, Ms. Spayd's Motion to Dismiss the Indictment is DENIED.

---

[57] *Id.* at 1010–11 (Noting "[t]he supplemental instructions made no fewer than four references to Dr. Feingold's state of mind, all of them in connection with instructions regarding the professional competence of a licensed practitioner.").

[58] *United States v Blume, et al.*, No. 5:18-cr-00026, 2022 WL 4076065, at *3 (S.D.W. Va. Sept. 3, 2022) (rejecting the argument that alleging the grand jury was "improperly and hastily instructed in light of *Ruan*" constituted a particularized need for disclosure of grand jury materials).

[59] *United States v. Sandeen*, CR. NO. 19-00167 JAO, 2021 WL 1711364, at *1 (D. Haw. Apr. 29, 2021) (internal quotations omitted) (quoting *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980)).

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 12
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 12 of 13

IT IS SO ORDERED this 13th day of September, 2022, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK-MMS
Order Denying Motion to Dismiss Indictment  Page 13
Case 3:19-cr-00111-JMK-MMS   Document 208   Filed 09/13/22   Page 13 of 13