S. LANE TUCKER
United States Attorney

RYAN D. TANSEY
MICHAEL J. HEYMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 571-5071
Fax: (907) 271-1500
Email: ryan.tansey@usdoj.gov
Email: Michael.heyman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA JOYCE SPAYD,<br><br>Defendant. | No. 3:19-cr-00111-JMK-MMS |

**UNITED STATES' RESPONSE TO MOTION *IN LIMINE*
TO PREVENT THE GOVERNMENT FROM
<u>USING THE TERM 'VICTIM' (ECF 218)</u>**

Spayd cites no authority in support of her request to bar the government from using the word "victim" at trial. Courts around the country, including the Ninth Circuit, have repeatedly allowed prosecutors to use the term "victim" to refer to individuals alleged in

the indictment to be victims of the defendant's criminal conduct. If Spayd believes her deceased patients are not victims because she did not commit a crime, she is free to argue that point to the jury. But the instant motion attempts to elevate a difference in the parties' views of the evidence to a liminal ruling prohibiting the government from arguing its case. The Court should deny that motion.

The use of the term "victim" has been widely approved. In *United States v. Gasperini*, No. 16-CR-441 (NGG), 2017 WL 3140366, at *7 (E.D.N.Y. July 21, 2017), the district court rejected the defendant's request to preclude the government from using the terms "victim" and "victimized." The court explained that "Defendant's argument in favor of excluding the terms … is, in essence, based on the merits of his case: he argues that the allegations against him do not show that he violated the relevant statutes. The Government is within its rights to take and advocate for a different view of the evidence." *Id.* See also *Tollefson v. Stephens*, No. SA:14-CV-144-DAE, 2014 WL 7339119, at *6 (W.D. Tex. Dec. 23, 2014) (noting that the term "victim" is "commonly used at trial in a neutral manner to describe the events in question"); *United States v. Huynh*, No. 4-CR-14-275, 2016 WL 7411529, at *7 (M.D. Pa. Dec. 22, 2016) ("Simply because a person or entity involved in this case is accurately referred to as a 'victim,' in no way furthers the governments burden to prove beyond a reasonable doubt that [the defendant] is, in fact, guilty of a crime.").

The Ninth Circuit has held that a prosecutor's use of the term "victim" is not prosecutorial misconduct. *United States v. Dee*, 319 F. App'x 578, 580 (9th Cir. 2009)

(citing *People of Territory of Guam v. Ignacio*, 852 F.2d 459, 462 (9th Cir. 1988) (finding no prejudicial error where the prosecutor referred to the people of the territory of Guam as "victims" in closing argument.)). In *United States v. Lester*, 749 F.2d 1288, 1301 (9th Cir. 1984), the court allowed a prosecutor to argue to the jurors in closing that "we are all victims," finding that the comment was not calculated to incite the jury against the accused.

Indeed, referring to the defendant's deceased patients as victims is permissible, even in the Court's jury instructions. This is because "use of the term 'victim' in jury instructions is not prejudicial to a defendant's rights when, as is the case here, the instructions taken as a whole clarify the government's burden of proving all elements of the crime." *United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006). *See also United States v. Yazzie*, 558 Fed. App'x 766, 767 (9th Cir. 2014) (district court did not plainly err by referring to the "victim" in the jury instructions because it correctly instructed the jury regarding the presumption of innocence); *United States v. Granbois*, 119 Fed. App'x 35, 38-39 (9th Cir. 2004) (unpublished mem. decision) (district court's use of the word "victim" in the jury instructions was proper because "the jury could not have been misled into thinking that the… term 'victim' indicated that Granbois was guilty").

The Superseding Indictment alleges that Spayd knowingly and intentionally distributed controlled substances to her patients, without a legitimate medical purpose and outside the course of professional conduct, resulting in their deaths. The government is entitled to try to prove this allegation at trial, and in so doing, to use the term "victim" to refer to Spayd's patients who died because of the drugs she illegally prescribed them. The

government – an interested party to this case – is not required to use neutral language to describe its own view of the evidence. "Prosecutors need not be entirely neutral and detached. In an adversary system, they are necessarily permitted to be zealous in their enforcement of the law." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980) (citation and quotations omitted).

Spayd's motion should be denied.

RESPECTFULLY SUBMITTED September 16, 2022, at Anchorage, Alaska.

> S. LANE TUCKER
> United States Attorney
>
> *s/ Ryan D. Tansey*
> RYAN D. TANSEY
> Assistant U.S. Attorney
>
> *s/ Michael J. Heyman*
> MICHAEL J. HEYMAN
> Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the
foregoing was served electronically
on all counsel of record
via the CM/ECF system:

Steven Wells
*s/ Ryan D. Tansey*
Office of the U.S. Attorney