# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

JESSICA JOYCE SPAYD,

                Defendant.

Case No. 3:19-cr-00111-JMK

## **COURT'S CLOSING JURY INSTRUCTIONS**

DATED:  _10/26/22___



_____
UNITED STATES DISTRICT JUDGE

# Instruction # 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Instruction # 2**

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## Instruction # 3

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## Instruction # 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence.

If, after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction # 5**

The evidence you are to consider in deciding what the facts are consists of:

1) the sworn testimony of any witness; and

2) the exhibits received in evidence.

**Instruction # 6**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction # 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# Instruction # 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case, if any;

5) the witness's bias or prejudice, if any;

6) whether other evidence contradicted the witness's testimony;

7) the reasonableness of the witness's testimony in light of all the evidence; and

8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction # 9**

    A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## Instruction # 10

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# Instruction # 11

You have heard testimony from an undercover agent who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents may use false names and appearances and assume the roles of members in criminal organizations.

**Instruction # 12**

You have heard testimony from Dr. Timothy King, Dr. Todd Broad, and Dr. James Fulcher, who testified to opinions and the reasons for those opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering these witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction # 13**

You have heard testimony from Lieutenant Colonel Matthew Cowan, Melissa Anderson, Aaron Newland, Brian Barrett, Dr. Teresa Bormann, Dr. Gary Zientek, Dr. Cristin Rolf, Justin Ruffridge, Dr. Andrew Elsberg, Rikk Rambo, Dr. Kenneth Gallagher, Donna Papsun, Dr. Benjamin Westley, and Ashley Lankford, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about these witness' opinions, this opinion testimony is allowed because of the education or experience of these witnesses. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering these witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction # 14**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Instruction # 15

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**Instruction # 16**

The defendant is charged in Counts One through Five of the First Superseding Indictment with the distribution and dispensing of methadone, fentanyl, oxycodone, hydromorphone, diazepam, and carisoprodol resulting in death, in violation of Section 841(a) of Title 21 of the United States Code. Methadone, fentanyl, oxycodone, hydromorphone, diazepam, and carisoprodol are controlled substances. In order for the defendant to be found guilty of these charges, the government must prove each of the following elements as to each Count beyond a reasonable doubt:

1) the defendant knowingly or intentionally distributed or dispensed methadone, fentanyl, oxycodone, hydromorphone, diazepam, and/or carisoprodol;

2) the defendant knew at the time of distribution or dispensing that the substance was a controlled substance;

3)  the distribution or dispensing of the controlled substance(s) was unauthorized;

4) the defendant knowingly or intentionally distributed or dispensed the controlled substance(s) in an unauthorized manner; and

5) the listed decedent died as a result of using one or more of the controlled substances that the defendant distributed or dispensed to them.

**Definitions**

The definition of "distribute" and "dispense" is found in Instruction 19. The definition of "unauthorized" is found in Instruction 20.  The definition of "knowingly" is found in Instruction 21.  The definition of "intentionally" is found in Instruction 22.  The definition of "died as a result of" is found in Instruction 23.  You are to apply those definitions to this Instruction.

## Instruction # 17

The defendant is charged in Counts Six through Nine of the First Superseding Indictment with the distribution and dispensing of oxycodone in violation of Section 841(a) of Title 21 of the United States Code. Oxycodone is a controlled substance. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements as to each Count beyond a reasonable doubt:

1) the defendant knowingly or intentionally distributed or dispensed oxycodone;

2) the defendant knew at the time of distribution or dispensing that the substance was a controlled substance;

3) the distribution or dispensing of the controlled substance was unauthorized; and

4) the defendant knowingly or intentionally distributed or dispensed the controlled substances in an unauthorized manner.

### Definitions

The definition of "distribute" and "dispense" is found in Instruction 19. The definition of "unauthorized" is found in Instruction 20. The definition of "knowingly" is found in Instruction 21. The definition of "intentionally" is found in Instruction 22. You are to apply those definitions to this Instruction.

**Instruction # 18**


The defendant is charged in Count Ten of the First Superseding Indictment with knowingly and intentionally leasing, renting, using, or maintaining any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using a controlled substance in violation of Section 856(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly maintained a place for the purpose of knowingly or intentionally distributing or dispensing controlled substances in an unauthorized manner.

**Definitions**

"For the purpose of manufacturing, distributing or using a controlled substance" means that manufacturing, distributing, or using a controlled substance is one of the primary or principal uses to which the premises is put.

"Maintaining" a place includes facts showing that, over a period of time, the defendant directed the activities and the people in the place.

The definition of "distribute" and "dispense" is found in Instruction 19. The definition of "unauthorized" is found in Instruction 20. The definition of "knowingly" is found in Instruction 21. The definition of "intentionally" is found in Instruction 22. You are to apply those definitions to this Instruction as well as the definitions listed above.

**Definition of Distribute**

The term "distribute" means to deliver a controlled substance, other than by administering or dispensing that substance. Distributing includes issuing a prescription.

**Definition of Dispense**

The term "dispense" means to deliver a controlled substance to an ultimate user by a practitioner or pursuant to the lawful order of a practitioner. Dispensing includes filling a prescription issued by a practitioner.

**Definition of Practitioner**

The term "practitioner" means a physician, nurse practitioner or other person who is licensed, registered or otherwise permitted by the United States or the jurisdiction in which she practices, to distribute or dispense controlled substances in an authorized manner.

# Instruction # 20

### Definition of Unauthorized

A prescription is only "authorized" when a medical practitioner issues it for a legitimate medical purpose acting in the usual course of her professional practice. A prescription is "unauthorized" or issued in an "unauthorized manner" when a medical practitioner issues it without a legitimate medical purpose acting outside of the usual course of her professional practice.

### Definition of Legitimate Medical Purpose and Usual Course of Professional Practice

The terms "legitimate medical purpose" and "usual course of professional practice" mean acting in accord with a standard of medical practice generally recognized and accepted in the country.

You have heard testimony about what constitutes a legitimate medical purpose and the usual course of professional practice for the prescription of controlled substances, and you are to weigh that evidence the same way you would weigh any other evidence in this case. In considering whether the defendant issued a prescription without a legitimate medical purpose acting outside of the usual course of her professional practice, you should examine all of the defendant's actions and the circumstances surrounding them. A medical practitioner's own treatment methods do not themselves establish what constitutes the usual course professional practice.

This is not a civil medical malpractice case. You may not find the defendant guilty of Counts One through Ten solely because you find the defendant was acting without a legitimate medical purpose outside the usual course of professional practice. Rather, for you to find the defendant guilty of Counts One through Ten, the government must prove to you beyond a reasonable doubt that the defendant *knowingly* or *intentionally* acted without a legitimate medical purpose acting outside the usual course of her professional practice. In considering whether the defendant knowingly or intentionally acted without a legitimate medical purpose outside the usual course of her professional practice, you may compare the defendant's subjective beliefs with the evidence you have heard regarding what constitutes a legitimate medical purpose and the usual course of professional practice for the prescription of controlled substances.

### Definition of Knowingly

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Instruction # 22**

**Definition of Intentionally**

An act is done intentionally if the defendant acted on purpose or voluntarily, such that she consciously desired to perform the act or knew the act was substantially certain to follow from her conduct.

With regard to Counts One through Ten of the First Superseding Indictment, the defendant acted intentionally if she consciously desired to distribute controlled substance(s) without a legitimate medical purpose acting outside of the usual course of her professional practice or knew that result was substantially certain to follow from her conduct.

### Definition of Resulting in Death

To find the defendant guilty of Counts One through Five, you must determine, unanimously and beyond a reasonable doubt, whether the decedents named in each count died as a result of using one or more of the controlled substances that the defendant unlawfully distributed or dispensed to them. In deciding whether use of the controlled substance(s) that the defendant distributed resulted in death, you are instructed that the government must prove, beyond a reasonable doubt, that the use of the particular controlled substance(s) was either a "but for" cause of death, or an "independently sufficient" cause of death. The government need not prove both alternatives; either is sufficient.

The law does not require the government to prove that the defendant intended to cause death. Similarly, the law does not require the government prove that the defendant knew or should have known that she was exposing the listed decedents to a risk of death when she prescribed the controlled substance(s) to them. There is no requirement that a death resulting from the use of the controlled substance(s) was a reasonably foreseeable event.

### Definition of But For Cause

To find a particular controlled substance(s) distributed or dispensed by the defendant was a "but for" cause of death, you must find beyond a reasonable doubt that, but for the decedent's use of the controlled substance(s), the decedent would have lived.

For example, where A shoots B, who is hit and dies, we can say that A caused B's death A's conduct was a but for cause of B's death, since, but for A's conduct, B would not have died. The same thing is true if a person's act combines with other factors to produce the result so long as the other factors alone would not have produced the result— if, so to speak, the person's act was the straw that broke the camel's back. Thus, if poison is administered to a man debilitated by multiple diseases, the poison is a but for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would not have died at that time.

### Definition of Independently Sufficient Cause

To find that a particular controlled substance(s) distributed or dispensed by the defendant was an "independently sufficient" cause of death, you must find beyond a reasonable doubt that a decedent's use of that particular controlled substance was sufficient

to cause that decedent's death, regardless of, for example, the decedent's use of any other controlled substances.

For example, if A stabs B, inflicting a fatal wound; while at the same moment X, acting independently, shoots B in the head also inflicting a fatal wound; and B dies from the combined effects of the two wounds, A's conduct is an independently sufficient cause of B's death even though A's conduct was not a but for cause of B's death (since B would have died from X's actions in any event).

**Instruction # 24**

The indictment charges that the offenses alleged in Counts One through Ten was committed "on or about" or "in and about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Ten of the First Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Instruction # 25**


Narcotic withdrawal or addiction is not a medical condition justifying the prescription or administration of oxycodone, hydromorphone, fentanyl, or methadone as charged in the First Superseding Indictment.  Accordingly, if you find that the defendant issued a prescription for any of those narcotic controlled substances for the purpose of treating narcotic addiction or withdrawal then the issuance of that prescription would not be for a legitimate medical purpose in the usual course of her professional practice.

The defendant's issuance of suboxone is not at issue in this case.

## Instruction # 26

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction # 27**


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction # 28**


      Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction # 29**


    The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Instruction # 30**

      A verdict form has been prepared for you. The verdict form includes instructions regarding how to fill out the form. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Instruction # 31**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.