IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>JESSICA JOYCE SPAYD,<br><br>                  Defendant. | Case No. 3:19-cr-00111-JMK<br><br>**ORDER DENYING DEFENDANT'S FEDERAL RULE OF CRIMINAL PROCEDURE 29 MOTION** |

## I.     INTRODUCTION

On January 20, 2021, the Government filed a ten-count Superseding Indictment against defendant Jessica Joyce Spayd.[1] On September 26, 2022, a jury trial was commenced.[2] On October 19, 2022, at the close of the Government's case-in-chief, Ms. Spayd's counsel made an oral motion (the "Motion") challenging the sufficiency of the evidence under Rule 29(a) of the Federal Rules of Criminal Procedure.[3] The Court reserved ruling on the Motion pursuant to Rule 29(b).[4] On October 28, 2022, the jury returned a verdict of Guilty on all Counts in the Superseding Indictment.

---

[1] Docket 87.
[2] Docket 246.
[3] Docket 293 (Trial Tr. 64:16–20).
[4] *Id.* (Trial Tr. 64:21–25–65:1–3).

Having reserved ruling on the Motion, the Court, considering only the evidence at the time the ruling was reserved,[5] hereby DENIES the Motion.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure Rule 29(a) provides, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Rule 29(b) states that the Court may reserve decision on the motion, proceed with trial, submit the case to the jury, and decide the motion either before or after the jury returns a verdict. "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved."[6]

A Rule 29 motion is reviewed on a "sufficiency-of-the-evidence standard."[7] Under this standard, "evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt."[8]

## II.  DISCUSSION

Ms. Spayd's counsel did not specify the grounds for the Rule 29 Motion.[9] As such, the Court addresses each Count in the Superseding Indictment below. The Court

---

[5] Fed. R. Crim. P. 29(b).

[6] *Id*.

[7] *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (quoting *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998)).

[8] *Id*. (quoting *Stoddard*, 150 F.3d at 1144).

[9] Ms. Spayd's counsel did not articulate specific grounds for the Rule 29(a) motion, stating, "I don't think the government has proven their case beyond a reasonable doubt, and I think that the law requires a verdict of not guilty." Docket 293 (Trial Tr. 64:18–20). Under Ninth Circuit

*United States v. Spayd*  Case No. 3:19-cr-00111-JMK
Order Denying Defendant's Rule 29 Motion  Page 2
Case 3:19-cr-00111-JMK-MMS   Document 322   Filed 10/31/22   Page 2 of 8

also recites a non-exhaustive description of the evidence that the Government introduced to prove each Count. The Court finds that the evidence admitted during the Government's case-in-chief was sufficient to sustain convictions on Counts 1-10 of the Superseding Indictment.

1. **Counts 1-5**

    Counts 1-5 of the Superseding Indictment charge Ms. Spayd with the following:

    > The defendant, JESSICA JOYCE SPAYD, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote and dispensed prescriptions for the following Schedule II controlled substances: substances containing a detectable amount of methadone; substances containing a detectable amount of fentanyl; substances containing a detectable amount of oxycodone; substances containing a detectable amount of hydromorphone; and, for the following Schedule IV controlled substances: substances containing a detectable amount of diazepam; and substances containing a detectable amount of carisoprodol. The following deaths resulted from JESSICA JOYCE SPAYD's knowing and intentional possession with intent to distribute, distribution and dispensing, and causing the intentional distribution and dispensing of the below listed controlled substances, with each of the below deaths constituting a separate and distinct count of this Indictment distributing and dispensing controlled substances resulting in death, in violation of 21 U.S.C. § 841(a)(1).[10]

    To prove these Counts, in addition to other evidence, the Government presented evidence through the testimony of its expert, Dr. Timothy King. For each

---

law, Rule 29 motions do not need to state the grounds upon which they are based. *See United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004).

[10] Docket 87 at 2–5.

*United States v. Spayd*     Case No. 3:19-cr-00111-JMK
Order Denying Defendant's Rule 29 Motion     Page 3
Case 3:19-cr-00111-JMK-MMS   Document 322   Filed 10/31/22   Page 3 of 8

decedent listed in the Superseding Indictment, Dr. King testified that Ms. Spayd was not practicing medicine when she wrote the decedents the prescriptions described in the Superseding Indictment, her care of the decedents was outside the usual course of medical practice and, and represented "extreme departure[s] from the standard of care."[11] The Government admitted the decedents' medical records that were kept by Ms. Spayd, which demonstrated the "red flags" that each of the decedents presented with, and which supported the inference that Ms. Spayd was aware of those "red flags" when she was prescribing the decedents controlled substances.[12] The Government also called the medical examiners that determined the cause and manner of death for each of the decedents.[13] Each of these medical examiners testified that the controlled substances that Ms. Spayd prescribed, either individually or in combination, could have caused the death of the decedent.[14]

        The Court determines, at the close of the Government's case-in-chief, when viewing the evidence in the light most favorable to the Government, the admitted evidence was sufficient to sustain a conviction on Counts 1-5. Accordingly, Ms. Spayd's Motion is DENIED as to Counts 1-5.

    **2. Count 6-9**

---

[11] Docket 280 at 45 (Trial Tr. 45:22–25; 78:4–8); Docket 299 (Trial Tr. 19:9–13; 50:20–23; 299:1–25–300:1–7).
[12] *See* Docket 299 (Trial Tr. 2:10–17).
[13] Docket 279 (Trial Tr. 74–192); Docket 288 (Trial Tr. 35–115).
[14] Docket 279 (Trial Tr. 74–192); Docket 288 (Trial Tr. 35–115).

*United States v. Spayd*                                                 Case No. 3:19-cr-00111-JMK
Order Denying Defendant's Rule 29 Motion                     Page 4
Case 3:19-cr-00111-JMK-MMS   Document 322  Filed 10/31/22  Page 4 of 8

Counts 6-9 of the Superseding Indictment charge Ms. Spayd with the following:

> JESSICA JOYCE SPAYD, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote and dispensed prescriptions for substances containing a detectable amount of oxycodone, a Schedule II controlled substance, with each of the . . . prescriptions constituting a separate and distinct count of this indictment . . . [a]ll of which is in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.[15]

Count 6 refers to a prescription for oxycodone written by Ms. Spayd in the name of James Eleazar. Counts 7-9 refer to prescriptions for oxycodone written by Ms. Spayd to an undercover agent posing as a patient. To prove Count 6, in addition to other evidence, the Government called James Eleazar as a witness. Mr. Eleazar testified that he had no knowledge that Ms. Spayd was writing prescriptions for oxycodone in his name, and that he was out of the state on many of the instances that Ms. Spayd's medical records indicate that he was seen by Ms. Spayd.[16] The Government also admitted Mr. Eleazar's medical records that were maintained by Ms. Spayd as well as the data from the Alaska Prescription Drug Monitoring Program ("PDMP") relating to Mr. Eleazar.[17]

To prove, Counts 7-9, in addition to other evidence, the Government called the undercover agent to the stand, who testified about each of the three prescriptions for oxycodone that Ms. Spayd wrote to him.[18] The Government also admitted the videos that

---

[15] Docket 87 at 5–7.
[16] Docket 269 (Trial Tr. 51–53, 63–77).
[17] *Id.* (Trial Tr. 2:20–22).
[18] Docket 298 (Trial Tr. 117–162).

the undercover agent took during his appointments with Ms. Spayd as well as copies of the prescriptions she wrote to him.[19]

The Court determines, at the close of the Government's case-in-chief, when viewing the evidence in the light most favorable to the Government, the admitted evidence was sufficient to sustain a conviction on Counts 6-9. Accordingly, Ms. Spayd's Motion is DENIED as to Counts 6-9.

### 3. Count 10

Count 10 of the Superseding Indictment charges Ms. Spayd with the following:

> On a date unknown to the Grand jury, but no later than January 2014, and continuing through in or about October 2019, within the District of Alaska, the defendant, JESSICA JOYCE SPAYD, knowingly and intentionally opened, used, and maintained a place known as Eagle River Pain & Wellness, LLC, located at 16425 Brooks Loop, Eagle River, Alaska, for the purpose of distributing controlled substances outside the usual course of professional practice and without a legitimate medical purpose. All of which is in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.[20]

To prove this Count, in addition to other evidence, the Government introduced testimony from members of Ms. Spayd's office staff, who testified about their experiences with the patients in Ms. Spayd's medical practice and that Ms. Spayd had her staff sign prescriptions for her when she was out of the office.[21] The Government also called several of Ms. Spayd's former patients who are not named in the Superseding

---

[19] *Id.* (Trial Tr. 2:11–17).
[20] Docket 87 at 6.
[21] Docket 283 (Trial Tr. 59–118); Docket 293 (Trial Tr. 65–96).

*United States v. Spayd*　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:19-cr-00111-JMK
Order Denying Defendant's Rule 29 Motion　　　　　　　　　　　　　　　　　　　　　　Page 6
Case 3:19-cr-00111-JMK-MMS　　Document 322　　Filed 10/31/22　　Page 6 of 8

Indictment, including Jason Holmes, Laney McHoul, Mark Ortega, and Tracy Galimba, who testified about their experiences as patients of Ms. Spayd.[22] Several of these patients testified that there was information in their medical records, particularly regarding physical examinations, that was not accurate.[23] The medical records of these patients, which described these physical examinations and included the dosages of their prescriptions, were admitted into evidence.[24] The Government also introduced the testimony of several pharmacists from the Anchorage area, who testified that Ms. Spayd's prescriptions caused them concern, leading to some pharmacies refusing to fill any prescriptions written by Ms. Spayd.[25]

The Court determines, at the close of the Government's case-in-chief, when viewing the evidence in the light most favorable to the Government, the admitted evidence was sufficient to sustain a conviction on Count 10. Accordingly, Ms. Spayd's Motion is DENIED as to Count 10.

## IV. CONCLUSION

The Court finds that the evidence presented in the Government's case-in-chief was sufficient to sustain a conviction on all Counts in the Superseding Indictment. Accordingly, Ms. Spayd's oral Motion for a Judgment of Acquittal is DENIED.

---

[22] Docket 269 (Trial Tr. 134–184); Docket 279 (Trial Tr. 9–30); Docket 283 (Trial Tr. 140–155); Docket 288 (Trial Tr. 182–204).
[23] *See* Docket 269 (Trial Tr. 145:4–25); Docket 279 (Trial Tr. 13–30); Docket 288 (Trial Tr. 187–192).
[24] Docket 269 (Trial Tr. 3:3–4); Docket 279 (Trial Tr. 2:17–19); Docket 283 (Trial Tr. 3:6–7); Docket 288 (Trial Tr. 3: 3–4).
[25] *See* Docket 268 (Trial Tr. 62–108, 156–180); Docket 269 (Trial Tr. 26–45, 111–134, 191–201).

IT IS SO ORDERED this 31st day of October, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Spayd* Case No. 3:19-cr-00111-JMK
Order Denying Defendant's Rule 29 Motion Page 8
Case 3:19-cr-00111-JMK-MMS   Document 322   Filed 10/31/22   Page 8 of 8